**SYNCOM CAPITAL CORPORATION, and Broadcast Capital Inc., Appellants,**

**v.**

**Dale W. LANG, Appellee.**

No. 98–7145.

United States Court of Appeals, District of Columbia Circuit.

Argued April 6, 1999.

Decided June 11, 1999.

Richard A. Gross argued the cause for appellants. With him on the briefs was J. Mark Young.

Mark A. Jacobson argued the cause and filed the brief for appellee.

Before: WALD, RANDOLPH, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Plaintiffs Syncom Capital Corporation and Broadcast Capital, Inc., brought this diversity-of-citizenship action against Dale W. Lang, claiming that on May 18, 1987, Lang executed a promissory note in the amount of $1,178,000 payable to plaintiffs on May 18, 1991; that the maturity date on the note passed without Lang's payment; and that Lang therefore owes plaintiffs the principal sum of the note plus accrued interest. On cross-motions for summary judgment, the district court issued a written memorandum opinion ruling in Lang's favor.

Lang and the plaintiffs entered into a series of transactions related to the refinancing of a Minnesota television station. Lang intended to establish a new corporation, Halcomm, Inc., to acquire the station. To this end, Lang personally signed the note of May 18, 1987, paragraph 1 of which permitted Lang to discharge his liability to the plaintiffs by delivering to them "a promissory note, security agreement and related financing agreement of Halcomm, Inc., a Minnesota corporation, substantially in the form attached as Exhibits C, D, and F to" a document we shall call the "Master Assignment." The Master Assignment, which the parties also entered into on May 18, 1987, gave Lang all of plaintiffs' debt position in the station in exchange for a promissory note of $1,178,000 and a wire transfer of $275,000. Para-

graph K of the Master Assignment stated that plaintiffs agreed "to relinquish and return to Lang the Promissory Note delivered pursuant to paragraphs C and D above if there is delivered in substitution therefor on or before 30 days from the date hereof, Promissory Notes of Halcomm substantially in the form of Exhibit C–1 and C–2 hereto, a Security Agreement substantially in the form of Exhibit D hereto, and a Financing Statement substantially in the form of Exhibit F hereto, it being understood and agreed that upon such delivery to Lang the [plaintiffs] shall concurrently execute and deliver a Subordination Agreement substantially in the Form of Exhibit E hereto."

Lang delivered the Halcomm documents, including a promissory note of Halcomm as a replacement for his note, but not until June 30, 1987, more than 30 days from May 18, 1987. Therein lies the heart of the controversy. Plaintiffs say that once the 30–day period expired, Lang's only method of discharging his obligation under his promissory note was payment in full of the $1,178,000; in other words, after the passage of 30 days, Lang's delivery of a replacement note from Halcomm ceased to be an option. Lang, of course, sees matters rather differently. Plaintiffs accepted the Halcomm note and related documents when he tendered them in June 1987, even though he was 13 days late; thereafter, plaintiffs' course of conduct belied any notion that they had treated Lang's delivery of the Halcomm note as a nullity, or as insufficient to discharge Lang's obligations under the note he signed.

Plaintiffs make much of this clause in Lang's promissory note: "No provision of this Note shall be modified except by a written instrument executed by Payee or a subsequent holder hereof expressly referring to this Note and to the provision modified." The Halcomm promissory note contained an identical clause. Neither clause bears on the question before us.

The 30–day provision on which plaintiffs rest was in the Master Assignment, not in the notes, and the Master Assignment contains no provision requiring modifications to be in writing.

Plaintiffs also attach significance to another clause in the Lang note: "No delay or omission on the part of Payee or any subsequent holder of this Note in exercising any right hereunder shall operate as a waiver of such right or of any other right of Payee or such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any other occasion." Delay there was. According to plaintiffs, the Lang note became due and payable on May 18, 1991, because in 1987 the Halcomm documents arrived 13 days late. But so far as the record shows, plaintiffs took no steps to collect the Lang note during the period between May 1991 and the filing of this lawsuit in 1993, nor did they complain to Lang about not receiving the Halcomm replacement note on time. Not until plaintiffs filed their motion for summary judgment did Lang receive notice of their position regarding his noncompliance with the 30–day clause in the Master Assignment. Our decision, however, does not turn on plaintiffs' delay in "exercising any right" under the Lang promissory note.

■ As we see it, the proper inquiry is whether Lang's compliance with the time limit was critical to his ability to discharge his obligation to plaintiffs under the promissory note by substituting a replacement note from Halcomm; that is, whether his tardy delivery gave plaintiffs the right to collect on the Lang promissory note when it came due. Plaintiffs' actions after receiving the Halcomm documents lead us to answer both questions in the negative. The parties agree that Minnesota law should govern. Under Minnesota law, even if a contract requires performance within a stated period, time is not necessarily of the essence unless the contract specifically provides this (the Master

Assignment did not). *See, e.g., Baker Domes v. Wolfe,* 403 N.W.2d 876, 878 (Minn.Ct.App.1987); *see also Indianhead Truck Line, Inc. v. Hvidsten Transport, Inc.,* 268 Minn. 176, 128 N.W.2d 334, 342 (1964). If the significance of the time limit is unclear, the construction which the parties "in their dealings and by their conduct have placed upon [it] will furnish the court with persuasive evidence of [its] meaning." *See, e.g., Donnay v. Boulware,* 275 Minn. 37, 144 N.W.2d 711, 716 (1966); *Davis v. Outboard Marine Corp.,* 415 N.W.2d 719, 723–24 (Minn.Ct.App.1987). Plaintiffs' conduct indicates that they did not intend the 30–day clause in the Master Assignment to operate as a bar to Lang's substitution of Halcomm's note for his own.

As the district court determined, plaintiffs took delivery of the Halcomm promissory note and the accompanying documents without complaint and signed the documents where required. Plaintiffs thereafter filed with the Small Business Administration annual financial statements listing the Halcomm promissory note as an investment, reciting June 30, 1987, as the origination date and March 15, 1991, as the note's maturity date. One of these statements, showing the financial condition of Syncom Capital as of December 31, 1988, reports on the line listing the Halcomm note, under the heading "Participation Sold," the figure $81,981.

After receiving the Halcomm note, plaintiffs attempted to negotiate changes in one of the related documents, the Subordination Agreement, with Lang. They never mentioned that Lang missed the deadline for delivery. In January 1989, when plaintiffs discovered that Halcomm lacked the resources to fulfill its obligations under the Halcomm note they sent it back to Halcomm's attorneys, but did not attribute the return to the note's late delivery. After returning it, plaintiffs continued to treat the Halcomm note as an enforceable obligation, stating as much to a prospective borrower and to Halcomm itself. *Com-*

*pare Klipsch, Inc. v. WWR Technology, Inc.,* 127 F.3d 729, 737 (8th Cir.1997).

Plaintiffs claim that once Lang missed the 30–day deadline they had, and acted at all times consistent with, the right to collect on Lang's note when it came due. They have little to say in support of this claim. They argue that Lang was "absolutely obligated" to pay the Lang note when it came due. But they do not indicate that they made this clear to Lang. They suggest that because they never "relinquish[ed] and return[ed]" Lang's promissory note, it was clear that they did not intend to release him from liability. But the Note provides that Lang's liability could be discharged by "delivery" of the Halcomm promissory note to payees, so when plaintiffs received and accepted that delivery, without complaint, Lang's liability was discharged. Lang's failure to request the return of his note and plaintiffs' later return of the Halcomm note to Halcomm's attorneys do not reinstate that liability.

Finally, there is no indication that plaintiffs were prejudiced in any way by Lang's tardy delivery. Rather, it appears that plaintiffs realized that they had made an unfortunate agreement, by which they were junior lenders to a company whose senior lender was also a controlling shareholder, with their loan secured by a note of the corporation, rather than of the controlling shareholder. The district court rejected the argument that Lang's position as senior lender was a breach of the parties' agreement, in light of the unambiguous terms of the promissory note, and on appeal plaintiffs have not raised this contention again. Rather, they attempt to find a way out of their agreement by pointing to Lang's failure to meet a deadline that was never discussed in the seven years between his delivery of the Halcomm note to plaintiffs and the filing of the motions for summary judgment.

For all these reasons, we hold that Lang's June 30 delivery of the Halcomm documents discharged his obligation under the promissory note he had executed, despite the Master Assignment's requirement that delivery be made within 30 days of May 18, 1987.

*Affirmed.*